UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| U.S. XPRESS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:19-cv-153-TRM-SKL |
| | ) |
| v. | ) |
| | ) |
| LATASHA MACK, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| LATASHA MACK, | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. XPRESS ENTERPRISES, INC., and | ) |
| U.S. XPRESS, INC., | ) |
| | ) |
| Counter-Defendants, | ) |

## **ORDER**

Before the Court is a motion to withdraw as counsel of record, which was filed by Robert Peal, Grace Fox, and their law firm, Sims Funk, PLC, ("Sims Funk Attorneys"), who represent Defendants Nathan Stone Mack, Gregory Johnson, and Transportation Staffing Solutions, LLC, and Defendant/Counter-Plaintiff Latasha Mack (collectively "Defendants") [Doc. 40]. Plaintiff/Counter-Defendant U.S. Xpress, Inc. and Counter-Defendant U.S. Xpress Enterprises, Inc. ("USX" & "USXE") filed a response to the motion [Doc. 42]. No reply was filed. An

extensive telephonic hearing was held on June 23, 2021. Defendants Latasha Mack, Nathan Stone Mack, and Gregory Johnson ("Individual Defendants") participated in the hearing.

During the hearing, Attorney Peal advised that all requirements for withdrawal set forth in Eastern District of Tennessee Local Rule 83.4 have been met. Attorney Peal explained that Sims Funk Attorneys seek to withdraw pursuant to Tennessee Rule of Professional Conduct 1.16(b)(5) and (6).[1] Individual Defendants stated they do not object to the motion to withdraw because of their inability to pay the fees requested by Sims Funk Attorneys; and, they recounted their various unsuccessful efforts to obtain replacement counsel.

Addressing the time extensions sought in the motion to withdraw, Individual Defendants requested up to 90 days to attempt to find new legal representation and then respond to outstanding discovery requests issued to them by USX and USXE. While not objecting to the withdrawal, USX and USXE requested that any extensions be limited to a total of 30 days.

For the reasons explained in detail during the extensive telephonic hearing, and without objection, the Court will grant the motion to withdraw to the extent it seeks permission for Sims Funk Attorneys to withdraw. *See King v. Curtis*, 610 F. App'x 534, 537 (6th Cir. 2015) (holding that district court's denial of attorney's motion to withdraw was abuse of discretion, reasoning that client's non-payment "was a clear failure to fulfill an obligation to the firm regarding its services"); *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (same). The Court will also give Defendants

---

[1] The rule provides "a lawyer may withdraw from representing a client if: . . . (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or] (6) the representation will result in an unanticipated and substantial financial burden on the lawyer or has been rendered unreasonably difficult by the client[.]"

time to secure new counsel and respond to discovery, though neither the excessive amount of time requested in the motion nor the limited amount proposed by USX and USXE.

Accordingly, Sims Funk Attorneys' motion to withdraw as counsel to all Defendants [Doc. 40] is **GRANTED**. Moreover, the Court **ORDERS** the following:

> (1) Within 28 days of entry of this Order (a) the Individual Defendants **SHALL** have new counsel file a notice of appearance on behalf of some or all of the Individual Defendants, or (b) each Individual Defendant who continues to be unrepresented **SHALL** file a notice (i) indicating he or she intends to proceed without an attorney (i.e., proceed pro se) and (ii) confirming he or she has reviewed the requirements of Local Rule 83.13.[2]
>
> (2) Within **28 DAYS** of entry of this Order, the Defendant Transportation Staffing Solutions, LLC **SHALL** have new counsel file a notice of appearance on its behalf.[3] USX **SHALL** not attempt to pursue entry of default against Defendant Transportation Staffing Solutions, LLC until after expiration of the 28-day period.
>
> (3) Within **42 DAYS** of entry of this Order, Defendants **SHALL** respond to the outstanding discovery requests referred to during the hearing.

---

[2] Local Rule 83.13, addressing parties not represented by counsel, provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. Parties proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules." The Court's Local Rules may be reviewed at: www.tned.uscourts.gov/sites/tned/files/localrules.pdf.

[3] Local Rule 83.4 states that "if the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." A corporation or other artificial person or legal entity created by statute may only appear in court through counsel. *See Wimberly v. Embridge*, 93 F. App'x 22, 23 (6th Cir. 2004) (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970)). As found during the hearing, the Court finds extraordinary circumstances are present for withdrawal by the Sims Funk Attorneys as to Transportation Staffing Solutions, LLC; and, again, notes it must be represented by counsel to defend itself in this matter.

**Defendants are forewarned that any failure to fully comply with the Court's orders, including the deadlines set in this Order, will result in sanctions, up to and including default judgment, dismissal of claims, or other appropriate actions.**

The Clerk is **DIRECTED** to terminate Sims Funk Attorneys as counsel of record, and to send a copy of this Order to Defendants at their addresses as listed in the motion to withdraw [Doc. 40], with the correction to zip code discussed at the hearing.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE